# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

NORA JUDY, by
DEBRA J. SIZEMORE, the
Administratrix of her Estate,

      Plaintiff,

v.                                              CIVIL ACTION NO. 5:23-cv-00323

WELLS FARGO BANK, N.A.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

Pending are the Defendant's Motion to Dismiss, filed April 17, 2023 [Doc. 5], the Plaintiff's Motion to Remand, filed April 25, 2023 [Doc. 7], and the Defendant's Motion to Stay Discovery, filed June 15, 2023 [Doc. 16]. The matters are ready for adjudication.

### I.

Plaintiff Nora Judy, by Debra J. Sizemore, her daughter and the Administratrix of her Estate, instituted this action on March 10, 2023, in the Circuit Court of Greenbrier County. [Doc. 1-1 at 6-12]. Ms. Sizemore seeks equitable relief from a mortgage assigned to and serviced by Defendant Wells Fargo Bank, N.A. *Id.* Ms. Judy owned free and clear a 1,000 square foot house in Williamsburg. *Id.* at 7-8. CitiFinancial induced her to take a second mortgage in 2009. *Id.* at 9. That mortgage was subsequently "flipped" six months later. *Id.*

In 2011, Ms. Judy refinanced the second mortgage and other unsecured debt with Embrace Home Loans. *Id.* The transaction produced a $43,000 loan secured by Ms. Judy's house.

*Id.* Ms. Sizemore contends the appraised value was inflated to $63,800. *Id.* She claims the home was worth less than half of that amount. *Id.* After Ms. Judy's passing, a realtor valued the property at $17,500. *Id.* at 10. Based on these facts, Ms. Sizemore asserts unconscionability and illegality. *Id.* at 10-11. She desires, *inter alia*, release of the deed of trust, restitution, and fees and costs. *Id.*

On April 11, 2023, Wells Fargo removed on diversity grounds. [Doc. 1]. It then moved to dismiss [Doc. 5]. Ms. Judy moved to remand [Doc. 7]; Wells Fargo moved to stay discovery pending rulings [Doc. 16].

## II.

### A. Standard of Review

Respecting remand, the Supreme Court has "often explained that '[f]ederal courts are courts of limited jurisdiction.'" *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (alteration in original) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Our Court of Appeals strictly construes removal jurisdiction in view of "significant federalism concerns." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *see also Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 390 (4th Cir. 2018) (stating that "removal statutes must be strictly construed"); *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005) (stating that federal courts "are obliged to construe removal jurisdiction strictly"). One corollary to this restrictive approach is that "[t]he burden of demonstrating jurisdiction resides with 'the party seeking removal.'" *See Md. Stadium Auth.*, 407 F.3d at 260 (quoting *Mulcahey*, 29 F.3d at 151). If the district court determines that it "lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

*B. Analysis*

Ms. Sizemore contends the jurisdictional minimum is absent. [Doc. 8 at 6-9]. She asserts the home value and amounts paid to Wells Fargo are in controversy. *Id.* at 7-8. She further contends neither the deed of trust nor attorney fees enter the mix. *Id.* at 8-9. Were it otherwise as to the deed of trust, however, she yet contends Wells Fargo has not crested $75,000. *Id.* at 8. Wells Fargo responds the home value exceeds $75,000. [Doc. 11 at 5-7]. It urges the Court, however, to consider the value of the deed of trust, including interest and attorney fees, instead of the house. *Id.* at 7-10.

Section 1332(a) contemplates "diversity jurisdiction when two requirements are satisfied. First, the 'matter in controversy' must 'exceed[ ] the sum or value of $75,000.' And second, the controversy must arise between 'citizens of different States.'" *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 352 (4th Cir. 2020) (citations omitted) (quoting 28 U.S.C. § 1332). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014). However, "if the plaintiff contests the defendant's allegation, § 1446(c)(2)(B) instructs: '[R]emoval . . . is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Id.* at 88. "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.*; *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017) ("When a plaintiff's complaint leaves the amount of damages unspecified, the defendant must provide evidence to 'show . . . what the stakes of litigation . . . are given the plaintiff's actual demands.'"

(quoting *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) (emphasis omitted)); *Ross v. Prudential Ins. Co. of Am.*, No. 2:19-cv-00358, 2019 WL 5268679, at *2 (S.D. W. Va. Oct. 17, 2019). Moreover, when equitable relief is requested, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977).

The Court adopts Ms. Sizemore's contention the home value[1], and not the deed of trust, is part of the jurisdictional calculus. Wells Fargo offers an April 2014, $78,000 appraisal. [Doc. 11-1 at 4]. Ms. Sizemore stands on her allegation a realtor affixed a $17,500 valuation [Doc. 1-1 at 10]. She has failed to produce supporting evidence. The 2014 appraisal thus controls. Wells Fargo's evidence-based valuation of $78,000 thus controls.

Our Court of Appeals has noted that "[t]he removability of a case 'depends upon the state of the pleadings and the record at the time of the application for removal.'" *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (quoting *Ala. Great S. Ry. Co. v. Thompson*, 200 U.S. 206, 216 (1906)). Ms. Judy, however, did not specify an amount in controversy in her complaint. Further, a § 1446(c) amount-in-controversy contest is settled by "both sides submit[ting] proof and the court decid[ing], by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 88.

There is substantial agreement that post-removal evidence may be considered during this contest. *See, e.g.*, *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000); *Justice v. Branch Banking & Tr. Co.*, No. 2:16-CV-03272, 2017 WL 55870, at *4 (S.D. W.

---

[1] Given that the parties have made no such distinction, the Court assumes that the appraised value of the house includes the half-acre parcel upon which it sits. [Doc. 1-1 at 8].

Va. Jan. 4, 2017). The Court need not decide presently, however, whether the parties are limited, as Ms. Sizemore suggests, to evidence found in the pre-removal record. This is due, in part, to including a reading of § 1446(b)(3) with the remainder of the statutory language:

> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). The 2014 appraisal unquestionably qualifies as an "other paper" under § 1446(b)(3). While best practice would have dictated Wells Fargo allege in its notice of removal reliance upon the 2014 appraisal, attach it thereto, and include an appropriate affidavit surfacing and describing it, the haste with which removal necessarily occurred, the inability to put the matter of record pre-removal, and the absence of any prejudice to Ms. Sizemore from this document of longstanding demonstrates it is properly considered in assessing the jurisdictional amount.

It is also noteworthy the parties agree the loan payments to date are in controversy. [Docs. 8 at 6-7, 11 at 6-7]. The undisputed payments equal $27,832.97. [Docs. 8 at 7, 11 at 6]. Were the mortgage agreement set aside, these amounts would be returned to Ms. Judy's estate. This addition to the home value would, by a preponderance, supply a sufficient compensating sum to account for any downward value fluctuations since 2014. The home value and the restitution payments thus supply an amount in controversy of $105,832.97. The Court **DENIES** Ms. Judy's Motion to Remand.

### III.

*A. Standard of Review*

*Federal Rule of Civil Procedure* 8(a)(2) requires that a pleader provide "a short and

5

plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Any defense presented under Rule 12(b)(6) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Thus, the motion to dismiss must be filed before any answer to the complaint is filed. Additionally, and as an aside, any answer must be filed within twenty-one days of the issuance of the summons, except for situations wherein that timeline is enlarged by the court. Fed. R. Civ. P. 12(a).

The required "short and plain statement" must provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions." *Twombly*, 550 U.S. at 555. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *McCleary-Evans*, 780 F.3d at 585; *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020); *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not "forecast evidence sufficient to prove the elements of [a] claim," but it must "allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Robertson v. Sea Pines Real Est. Cos.*, 679 F.3d 278, 291 (4th Cir. 2012)) (internal quotation marks omitted). Stated another way, the operative pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation."). In sum, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Robertson*, 679 F.3d at 288.

As noted in *Iqbal*, the Supreme Court has consistently interpreted the Rule 12(b)(6) standard to require a court to "accept as true all of the factual allegations contained in the complaint." *Erickson*, 551 U.S. at 94 (citing *Twombly*, 550 U.S. at 555-56); *see also S.C. Dep't of Health & Env't Control v. Com. & Indus. Ins. Co.*, 372 F.3d 245, 255 (4th Cir. 2004) (citing *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002)). The court is required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

**B. Analysis**

Wells Fargo contends laches bars the complaint. It asserts that since the statute of limitations for analogous claims made at law would have expired, a presumption of laches applies. [Docs. 6 at 4-5, 10 at 2-3]. Absent this presumption, Wells Fargo contends unreasonable delay and numerous prejudicial developments have occurred. [Docs. 6 at 5-8, 10 at 4-6].

When one seeks equitable relief, no statute of limitations applies. *Dunn v. Rockwell*, 689 S.E.2d 255, 266, 225 W. Va. 43, 54 (2009). "The doctrine of laches," however, "is 'an equity doctrine to the effect that unreasonable delay will bar a claim if the delay is a prejudice to the defendant.'" *Kinsinger v. Pethel*, 766 S.E.2d 410, 414, 234 W. Va. 463, 467 (2014) (quoting 1 Dan B. Dobbs, Handbook on the Law of Remedies § 2.4(4) (2d ed. 1993)). "Delay alone does not constitute laches; it is delay which places another at a disadvantage." Syl. Pt. 3, *Id.* (quoting Syl. Pt. 3, *Carter v. Carter*, 148 S.E. 378, 107 W. Va. 394 (1929)). Stated differently,

[w]here a party knows his rights or is cognizant of his interest in a particular

> subject-matter, but takes no steps to enforce the same until the condition of the other party has, in good faith, become so changed, that he cannot be restored to his former state if the right be then enforced, delay becomes inequitable, and operates as an estoppel against the assertion of the right.

*Maynard v. Board of Educ. of Wayne Cnty.*, 357 S.E.2d 246, 253, 178 W. Va. 53, 59 (1987) (quoting Syl. Pt. 3, *Carter v. Price*, 102 S.E. 685, 85 W. Va. 744 (1920)). "The burden of proving unreasonable delay and prejudice is upon the litigant seeking relief." *Province v. Province*, 473 S.E.2d 894, 905, 196 W. Va. 473, 484 (1996).

Respecting the asserted presumption, it is true the complaint comes after expiration of the analogous limitations period. [Docs. 6 at 4-5, 10 at 2-3]. But West Virginia law provides "a court of equity, in examining the delay in asserting a claim for equitable relief, is not bound by any analogous statute of limitations." *Maynard*, 357 S.E.2d at 254, 178 W. Va. at 60. While true that "[u]nder ordinary circumstances a suit in equity will not be barred by laches before the time fixed by an analogous statute of limitations," *id.*, Wells Fargo identifies no authority under West Virginia law applying a reverse, offensive presumption after the running thereof.

Moving to Wells Fargo's conventional laches contention, our Court of Appeals has stated that "a motion to dismiss filed under *Federal Rule of Procedure* 12(b)(6) . . . generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (italics added). An exception to this rule arises when "all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint*.'" *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993) (emphasis added)). "[A]ccept[ing] as true all of the factual allegations contained in the complaint," *Erickson*, 551 U.S. at 94 (citing *Twombly*, 550 U.S. at 555-56), Ms. Judy initially received an erroneous home appraisal in 2011 [Doc. 1-1 at 9-10]. Consequently, "drawing all reasonable factual inferences . . . in [Ms. Judy's] favor," *Edwards*, 178

F.3d at 244, she had no reason to believe the subject agreement was unconscionable or illegal. Moreover, Ms. Sizemore did not discover the erroneous appraisal until after she marketed the home following Ms. Judy's death in March 2022. *Id.* at 10. And she promptly instituted this action in March 2023. *Id.* This timeline ineluctably demonstrates Ms. Sizemore did not unreasonably delay.  The Court **DENIES** Wells Fargo's Motion to Dismiss. The Court additionally **DENIES** as moot Wells Fargo's Motion to Stay Discovery.

### IV.

Based upon the foregoing, the Court **DENIES** Ms. Judy's Motion to Remand [Doc. 7], **DENIES** Wells Fargo's Motion to Dismiss [Doc. 5], and **DENIES** as moot Wells Fargo's Motion to Stay Discovery [Doc. 16].

The Court **DIRECTS** the Clerk to transmit a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER:      July 27, 2023

Frank W. Volk
United States District Judge